## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01583-SCT

*EVELYN FAIRLEY*

*v.*

*GEORGE COUNTY, MISSISSIPPI, A POLITICAL SUBDIVISION*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/1998 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BEN F. GALLOWAY |
| ATTORNEYS FOR APPELLEE: | WILLIAM M. RAINEY |
| | R. QUENTIN WHITWELL, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 12/06/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/27/2001 |

### BEFORE PITTMAN, C.J., SMITH, P.J., AND WALLER, J.

### PITTMAN, CHIEF JUSTICE, FOR THE COURT:

¶1. Evelyn Fairley (Fairley) filed a lawsuit in the Circuit Court of George County, Mississippi, against George County and its insurance carrier, The Atlanta Casualty Company (Atlanta Casualty), alleging negligence on the part of a county road crew leaving gravel in the road. The complaint alleges this gravel caused Fairley to lose control of her car and overturn off River Road in George County. The trial court awarded summary judgment for George County after finding Fairley did not comply with the notice provisions of the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 2001), which, at the time, required strict compliance. After this Court decided ***Reaves ex rel. Rouse v. Randall***, 729 So. 2d 1237 (Miss. 1998), changing the strict compliance requirement to one of substantial compliance, Fairley petitioned the trial court to reconsider its summary judgment order. The court denied the motion as untimely. The trial court later dismissed Atlanta Casualty, after it reached an amicable settlement with Fairley. Fairley filed a notice of appeal from the summary judgment order the following day. Relying on the language of the trial court's order dismissing Atlanta Casualty, this Court dismissed the appeal as interlocutory in an order dated October 3, 2000. This case is now before the Court for rehearing. In her petition for rehearing, Fairley states the language in the order is misleading as the trial court was indicating Fairley's desire to appeal the order granting summary judgment. There being no remaining defendants nor claims to be pursued in the circuit court after the order dismissing Atlanta Casualty, the summary judgment is final for purposes of appeal.

### FACTS

¶2. Evelyn Fairley was injured when she lost control of her automobile and it overturned off River Road in George County, Mississippi on May 30, 1996. One month later in June, her first attorney mailed a letter

addressed to the George County Board of Supervisors informing it she represented Fairley regarding the accident and asking it to forward the letter to the county's insurance carrier. The subject heading of that letter stated Fairley's name, the date of the accident, and the following: "Nature: Single motor vehicle accident on River Road in George County, Mississippi - gravel in road." The following February, Fairley filed a complaint against George County in the Circuit Court of George County alleging a county road crew negligently left gravel in the road causing her accident. In March of 1997, Fairley hired her present counsel and amended her complaint to include George County's insurance carrier The Atlanta Casualty Company. Over a year later, the circuit court granted George County's motion for summary judgment for failure to provide the county adequate notice under the MTCA. At the time, strict compliance with the notice provisions of the MTCA was necessary to provide adequate notice. On December 31, 1998, this Court decided **Reaves** which changed the notice standard to one of substantial compliance with the MTCA. Fairley filed a motion to reconsider the summary judgment in light of the change in the law, but the circuit court denied it as untimely. On September 16, 1999, the circuit court entered an order dismissing Atlanta Casualty after it voluntarily settled with Fairley stating:

> It is therefore, ORDERED AND ADJUDGED that the motion of the Plaintiffs be, and the same is hereby sustained, and this cause is hereby dismissed with prejudice against the Defendant, THE ATLANTA CASUALTY COMPANY, only, and that Plaintiff's case against GEORGE COUNTY, remains pending.

Fairley's notice of appeal from the summary judgment order was filed the following day.

## ANALYSIS

### I. WHETHER THIS COURT CAN REVIEW THE SUMMARY JUDGMENT ORDER AND WHAT STANDARD OF REVIEW SHOULD APPLY.

¶3. George County contends the only order which this Court can review is the order denying Fairley's motion for reconsideration. George County claims that this order was a final judgment which limits this Court's review to determine whether the trial court abused its discretion when it denied reconsideration. Fairley asserts a de novo standard of review applies to summary judgment orders.

¶4. Where a summary judgment dismisses some of the parties to a lawsuit, but not all of the parties, Rule 54(b) of the Mississippi Rules of Civil Procedure governs. It provides in part:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the . . . rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the . . . rights and liabilities of all the parties.

Miss. R. Civ. P. 54(b). The comment to the rule explains that an appeal from an order not dismissing all the parties to a lawsuit is interlocutory, absent certification as a final judgment by the trial judge. Miss. R. Civ. P. 54 cmt. This Court will dismiss uncertified interlocutory appeals.[1] *See **Owens v. Nasco Intern'l, Inc.**,*

744 So. 2d 772 (Miss. 1999) ; *Williams v. Delta Reg'l Med. Ctr.*, 740 So. 2d 284 (Miss. 1999).

¶5. The summary judgment order dismissing George County was not a final judgment and could not be appealed until after the order dismissing Atlanta Casualty. The summary judgment order makes no mention of Miss. R. Civ. P. 54(b) nor does it certify itself for appeal by using language found in Rule 54(b). The trial court denied reconsideration of this order based upon timeliness and never re-examined the merits of the notice in light of *Reaves*. This order, like the one for summary judgment, neither cites Rule 54(b) nor uses the language of the rule to certify the summary judgment order as a final judgment for appeal purposes. When both orders were entered, the case against Atlanta Casualty remained pending. Since the case was still pending, the summary judgment order was an interlocutory order, not a final order, and incapable of being appealed. The summary judgment order became an appealable order only after Atlanta Casualty was dismissed as it then dismissed the only remaining defendant, George County, and put an effective end to the proceedings below. Since Fairley gave timely notice of appeal after the summary judgment order became final, George County's claim that this Court cannot review the summary judgment order is without merit.

¶6. The standard of review for summary judgments is well-settled. "This Court reviews errors of law, which include the proper application of the Mississippi Tort Claims Act, de novo." *Maldonado v. Kelly*, 768 So. 2d 906, 908 (Miss. 2000). *See also* *City of Jackson v. Perry*, 764 So. 2d 373, 376 (Miss. 2000) (citing *Cooper v. Crabb*, 587 So.2d 236, 239 (Miss.1991)); *Jackson v. City of Booneville*, 738 So. 2d 1241 (Miss. 1999). The issue before this Court is whether George County was entitled to judgment as a matter of law against Fairley after Atlanta Casualty's dismissal. This also poses a legal question which this Court reviews de novo. *Williams v. Toliver*, 759 So.2d 1195 (Miss. 2000); *Seymour v. Brunswick Corp.*, 655 So. 2d 892, 895 (Miss. 1995).

## II. WHETHER THE ORDER GRANTING SUMMARY JUDGMENT SHOULD BE REVERSED.

¶7. Fairley's sole issue presented for appeal is whether this Court should overturn the George County Circuit Court's order granting summary judgment for George County. The procedural history of *Seymour v. Brunswick Corp.* almost mirrors the procedural history in this case and an examination of those facts suggests the proper outcome for the case at bar.

¶8. After being injured by an outboard motor propeller blade while attempting to get into a boat, the plaintiff, Elizabeth Seymour, sued the manufacturer of the boat motor and the driver of the motor boat under theories of products liability and negligence. *Seymour*, 655 So. 2d at 894. The trial court awarded summary judgment for the manufacturer holding the propeller blade was an open and obvious danger. *Id.* At the time the order was entered, an open and obvious danger defense completely barred recovery. While the case was still pending against the boat driver, this Court decided *Sperry-New Holland v. Prestage*, 617 So. 2d 248 (Miss. 1993), which implemented a risk-utility analysis for products liability cases and stated that the openness and obviousness of the danger was but one factor to consider when determining damages and was no longer a complete bar to recovery. *Seymour*, 655 So.2d at 895. The trial court proceedings were then concluded with regard to the boat driver, and Seymour appealed the summary judgment. *Id.* at 894. This Court found granting summary judgment was improper and reversed the order. Significantly, in its conclusion the Court stated the following:

> The trial judge's decision was proper when made, for which he is not to be faulted, but, in light of the Court's subsequent and recent decisions in *Sperry-New Holland*, *Bunge*, and *Tate*, the granting of

summary judgment must be reversed . . . .

*Seymour*, 655 So.2d at 896. This Court has also reversed cases pending on appeal from summary judgment when *Reaves* was decided where the trial court had applied the strict compliance standard. *See [Trosclair v. Miss. Dep't Of Transp.](#)*, 757 So. 2d 178 (Miss. 2000); *[Lattimore v. City of Laurel](#)*, 735 So. 2d 400 (Miss. 1999).

¶9. Fairley concedes the trial court was correct when it granted summary judgment for George County applying the strict compliance standard. However, she correctly notes this court has subsequently abolished the strict compliance standard the judge used to grant summary judgment. *See [Carr v. Town of Shubuta](#)*, 733 So. 2d 261, 263 (Miss. 1999); *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237 (Miss. 1998). Since the notice requirement changed between the time the summary judgment order was entered and the proceedings before the trial court came to an end, one question remains unanswered: whether George County is entitled to summary judgment applying the substantial compliance standard. As the record before us is not fully developed in this regard, we reverse the order granting George County summary judgment and remand for a determination by the trial court whether Fairley substantially complied with the notice requirements of the MTCA.

## CONCLUSION

¶10. The trial court's order granting summary judgment for George County was not a final judgment capable of being appealed until Atlanta Casualty was dismissed. During the interim between George County's dismissal and Atlanta Casualty's dismissal, the law regarding adequate notice under the Mississippi Tort Claims Act changed significantly. At the end of the proceedings below, George County was no longer entitled to summary judgment as a result of the change in law. Therefore, the order granting summary judgment for George County is reversed, and this case is remanded to the George County Circuit Court for further proceedings consistent with this opinion.

¶11. **REVERSED AND REMANDED.**

**McRAE AND SMITH, P.JJ., WALLER, COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**

1. This Court, relying on the language of the order dismissing Atlanta Casualty, has dismissed Fairley once for this very reason.