835 So.2d 9 (2002)
Ed LITTLE
v.
MISSISSIPPI DEPARTMENT OF HUMAN SERVICES.
No. 2001-CP-01970-SCT.
Supreme Court of Mississippi.
November 7, 2002.
Rehearing Denied January 23, 2003.
*10 William E. Whitfield, III, Gulfport, Attorney for Appellee.
Before McRAE, P.J., EASLEY and CARLSON, JJ.
CARLSON, J., for the Court.
¶ 1. This is an appeal from a judgment of the Circuit Court of the Second Judicial District of Harrison County dismissing a complaint filed, pro se, by the plaintiff, Ed Little (Little), against the Mississippi Department of Human Services (DHS) alleging DHS improperly took custody of Little's son. The matter out of which the complaint arose was brought by DHS in the Youth Court of Harrison County, from which Little did not appeal. Little instituted his circuit court suit for damages; however, the circuit court granted DHS's motion for dismissal. Finding no reversible error, we affirm.

FACTS AND PROCEEDINGS IN TRIAL COURT
¶ 2. Little filed a complaint against the DHS on May 1, 2001, alleging that DHS held his son as a "hostage." He also alleged that DHS acted under the guise of having a "blanket custody order to keep my son." He demanded judgment in the amount of $250,000. Little alleged also that DHS made false claims of Little's son having various wounds on his body. The complaint made several accusations, namely: (1) that Harrison County Youth Court Judge Michael Ward had conspired with DHS to proceed in the "defunct" Harrison County Family Court; (2) that DHS convinced his son that he "couldn't go back home;" (3) that DHS conspired with Judge Ward to "keep this one," meaning his son; (4) that Judge Ward unlawfully took and tried to "run a magnet over" audio tapes made by Little during contact with DHS "when the assasins (sic) were trying to kill" Little; and (5) that DHS and Judge Ward were operating a "clandestine foster child ring" and DHS was trying to "kidnap my other kids."
¶ 3. DHS filed its answer on September 21, 2001, responding that Little had failed to properly perfect service of process; that Little had not complied with statutory formalities of administrative procedures and had not exhausted his administrative remedies; and, that Little had not perfected his right to sue under the Mississippi Tort Claims Act (Miss.Code Ann. §§ 11-46-1 to -23 (2002)). The answer also avers that because the actions about which Little complained were the result of the actions of a judge, DHS is entitled to full judicial immunity. DHS also denied all allegations in the complaint.
¶ 4. On September 21, 2001, DHS filed a Rule 12(b)(6)[1] motion to dismiss which was granted by the circuit court on November 21, 2001. In the order of dismissal, the trial judge found: (1) that Little failed to allege subject matter or in personam jurisdiction, failed to allege proper venue and failed to properly allege the nature of a cognizable party defendant; (2) that none of the allegations stated claims upon which relief could be granted; (3) that DHS was immune from suit since it exercised discretionary duties; and (4) that the circuit court was without jurisdiction to hear Little's claims.

STANDARD OF REVIEW
¶ 5. A motion for dismissal under Miss. R. Civ. P. 12(b)(6) raises an issue of law. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990) (citing Lester Eng'g Co. v. Richland Water & Sewer Dist., 504 *11 So.2d 1185, 1187 (Miss.1987); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)). This Court conducts de novo review on questions of law. UHS-Qualicare, Inc. v. Gulf Coast Cmty. Hosp., Inc., 525 So.2d 746, 754 (Miss.1987).
¶ 6. A motion to dismiss under Miss. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. As stated in Franklin County Co-Op v. MFC Services (A.A.L.), 441 So.2d 1376, 1377 (Miss.1983), and Stanton & Associates, Inc. v. Bryant Construction Co., 464 So.2d 499 (Miss. 1985), in order to grant a Rule 12(b)(6) motion to dismiss, there must appear to a certainty that the plaintiff is entitled to no relief under any set of facts that could be proved in support of the claim.

DISCUSSION
¶ 7. In his rambling, often incomprehensible, melodramatic brief, Little raises seven issues:
(1) Whether the trial court erred in granting the Mississippi Department of Human Services "Rule 12, Miss. R. Civ. P." motion to dismiss; (2) Whether the trial court erred in granting the Mississippi Department of Human Services "Rule 12, Miss. R. Civ. P." motion to dismiss out of venue; (3) Whether the Mississippi Department of Human Services has the authority to make or otherwise issue a "blanket custody order"; (4) Whether the family court of Harrison County was a competent court between the dates of January 29, 2000, and March 21, 2000; (5) Whether the trial court lacks jurisdiction over the Mississippi Department of Human Services, the subject matter of, or the venue in the case; (6) Whether § 11-46-11(3) of the Mississippi Code is unconstitutional on the grounds that it establishes separate and unequal class of defendants as well as a separate and unequal class of plaintiffs with disabilities which prohibit them from seeking redress in courts of the State of Mississippi, and therefore a violation Section 24 or 25 of the Constitution of the State of Mississippi; (7) What statutes say that Mississippi Department of Human Services and/or family court Judge Michael H. Ward may kill or attempt to kill me or may hold my son as hostage or may commit any other allegations in the Complaint.
¶ 8. DHS condenses these in three main issues:
(1) Little's claim was improperly before the Circuit Court, (2) Little's complaint was properly dismissed pursuant to Miss. R. Civ. P. 12 for failure to comply with the notice requirements of the Mississippi Tort Claims Act, (3) The circuit court properly dismissed Little's complaint pursuant to Miss. R. Civ. P. 12 because Little's allegations fail to state claims upon which relief can be granted.
We will address the pertinent issues as follows:

I. WHETHER LITTLE'S CLAIM WAS PROPERLY BEFORE THE CIRCUIT COURT.
¶ 9. Miss.Code Ann. § 43-21-651 (2000) provides in pertinent part:
(1) The court to which appeals may be taken from final orders or decrees of the youth court shall be the supreme court of Mississippi. In any case wherein an appeal is desired, written notice of intention to appeal shall be filed with the youth court clerk within ten (10) days after the rendition of the final order or decree to be appealed from....
¶ 10. According to Little's brief, the decision of the youth court was handed down on January 31, 2000. There is no evidence in the record of any appeal taken from this judgment, much less any appeal *12 taken within the requisite 10 days. Little filed a complaint against DHS on May 1, 2001, almost a year and a half later. As his proper method of seeking relief from the youth court's determination would have been to file an appeal with this Court within ten days, the filing of an original circuit court complaint against DHS some year and a half later is not the appropriate remedy for seeking relief. Accordingly, the circuit properly held that it had no jurisdiction to hear Little's claims.

II. WHETHER LITTLE'S COMPLAINT WAS PROPERLY DISMISSED UNDER MISS. R. CIV. P. 12 FOR FAILURE TO COMPLY WITH THE NOTICE REQUIREMENTS OF THE MISSISSIPPI TORT CLAIMS ACT.
¶ 11. Miss.Code Ann. § 11-46-11(1)(2002) provides that "[i]f the governmental entity to be sued is a state entity as defined in Section 11-46-1(j), service of notice of claim shall be had only upon that entity's chief executive officer." As DHS is a state "department" under Miss.Code Ann. § 11-46-1(j), proper service would be had on the chief executive officer of DHS. Little served the Attorney General's office. Nothing in the record shows there was even an attempt to serve DHS's chief executive officer, or anyone at DHS.
¶ 12. Miss.Code Ann. § 11-46-11(3) provides that any action brought under the Tort Claims Act must be commenced within one year of the date of the tortious conduct. Little's complaint says the date of the conduct was somewhere between January 2000 and March 2000. The complaint was not filed until May 1, 2001. Even with the ambiguity of the date of the conduct alleged in the complaint, the suit was not filed within the statutory time period, and the applicable statute of limitations was not tolled by Little's filing of a notice of claim as hereinafter discussed.
¶ 13. Miss.Code Ann. § 11-46-11(1) provides that after administrative avenues have been exhausted (which they never were in this case), a plaintiff must give notice that he will pursue the claim against the agency to the chief executive officer of the agency 90 days prior to the action being filed.
¶ 14. Little has not done anything which is required under the Mississippi Tort Claims Act to sue a governmental entity. Under the MTCA, we require substantial compliance with regard to filing a notice of claim and the institution of a suit. We held in Reaves ex rel. Rouse v. Randall, 729 So.2d 1237, 1240 (Miss.1998), that the MTCA left undefined the phrase "chief executive officer of the governmental entity," but we provided a definition for it:
this term may be read to include any of the following: president of the board, chairman of the board, any board member, or such other person employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability ...
We also held in Reaves that the purpose of this provision was, obviously, to give notice of a claim to a CEO of an agency. Jurisdiction, however, will only attach when there has been "substantial compliance" with the statutes. Id. In Reaves, we found substantial compliance when the plaintiff served a superintendent of a school district with a claim against the school district.
¶ 15. The plaintiff must substantially comply with the provisions of the statute. Without doubt, Little has made no effort to comply with the applicable statutes. We note that this Court gives some latitude to a pro se plaintiff; however, we can hardly afford relief under the applicable *13 statutes when there is no effort to comply with the procedural mandates.

III. WHETHER THE CIRCUIT COURT PROPERLY DISMISSED THE COMPLAINT UNDER MISS. R. CIV. P. 12 BECAUSE NONE OF LITTLE'S ALLEGATIONS STATED CLAIMS UPON WHICH RELIEF COULD BE GRANTED.
¶ 16. Little makes many allegations in the suit. Among them: (1) his son was held "hostage" from January 30, 2000, until March 21, 2000; (2) DHS acted under a "blanket custody order" to keep Little's son; (3) DHS made a false statement under oath that Little's son had fresh wounds on his body; (4) DHS contracted and conspired with Harrison County Youth Court Judge Michael Ward to intimidate or have Little killed; (5) Harrison County Family Court is defunct and DHS conspired with Little to use the defunct court; (6) DHS told Little's son that "he couldn't go home;" (7) DHS conspired with Judge Ward to delete audio tapes of Little's attempted assassination; (8) DHS made false statements about and modified reports of doctors' testimony in the custody hearing; and (9) DHS and Judge Ward conspired to keep Little's son for a "clandestine foster child ring" and attempted to "kidnap" Little's other children.
¶ 17. As for the first and second allegations of Little's son being a "hostage" held under a "blanket custody order," not only is DHS immune from suit under the Mississippi Tort Claims Act, but DHS is statutorily authorized to take a child into custody by Miss.Code Ann. § 43-21-301 (2000) when there is an order by a judge, the period of custody does not exceed 48 hours, excluding Saturdays, Sundays and state holidays, and provided that there is probable cause to believe that:
(a) The child is within the jurisdiction of the court; and
(b) Custody is necessary; custody shall be deemed necessary:
(i) When a child is endangered or any person would be endangered by the child; or
(ii) To insure the child's attendance in court at such time as required; or
(iii) When a parent, guardian or custodian is not available to provide for the care and supervision of the child; and
(c) There is no reasonable alternative to custody.[2]
Miss.Code Ann. § 43-21-303 (2000) allows a law enforcement officer or DHS agent, in the exercise of discretion, to take custody of a child, and the statute further provides the criteria under which the officer or agent may take custody.
¶ 18. Little indicates in his brief that a child may not be held more than 24 hours, but the statutes specifically state that a judge may authorize temporary custody. Miss.Code Ann. § 43-21-303(4).
¶ 19. The scope of review of a Rule 12(b)(6) motion is that the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. Overstreet v. Merlos, 570 So.2d 1196, 1197 (Miss.1990); Grantham v. Miss. Dep't of Corrections, 522 So.2d 219, 220 (Miss.1988); Lester Eng'g Co. v. Richland Water & Sewer Dist., 504 So.2d 1185, 1187 (Miss.1987); Stanton & Assocs., Inc. v. Bryant Constr. Co., 464 So.2d 499, 505 (Miss.1985). Concerning Little's first two allegations, it clearly appears beyond doubt that Little would be *14 unable to prove any set of facts in support of these allegations. As for Little's remaining allegations, there is no evidence in the record supporting any of these allegations, thus, once again, inasmuch as it appears beyond doubt that Little would be unable to prove any set of facts in support of any of these allegations, Rule 12(b)(6) dismissal by the circuit judge was not only appropriate, but mandated by law.

CONCLUSION
¶ 20. Inasmuch as Little's claims were improperly before the circuit court, that court appropriately ruled that it had no jurisdiction to hear Little's claims. Additionally, the circuit court was eminently correct in ruling that Rule 12(b) dismissal was appropriate due to Little's failure to comply with the notice provisions of the Mississippi Tort Claims Act (Miss.Code Ann. §§ 11-46-1 to -23 (2002)) and Little's failure to state any claim or claims upon which relief could be granted. The judgment of the Circuit Court of the Second Judicial District of Harrison County is therefore affirmed.
¶ 21. AFFIRMED.
PITTMAN, C.J., McRAE and SMITH, P.JJ., WALLER, COBB, DIAZ, EASLEY and GRAVES, JJ., concur.
NOTES
[1] Miss. R. Civ. P. 12(b)(6).
[2] Miss.Code Ann. § 43-21-301(2)(3).