¶ 1. This Mississippi Tort Claims Act action for personal injuries arises from the Circuit Court of George County. On May 30, 1996, Evelyn Fairley allegedly sustained injuries when she lost control of her vehicle due to gravel on county-maintained River Road in George County, Mississippi. Fairley's attorney sent a letter to the George County Board of Supervisors (the Board) on June 19, 1996. The letter referenced a single-vehicle accident on River Road in George County on May 30, 1996, due to gravel on the road. Moreover, it stated that Fairley sustained personal injuries and/or property damage and asked the Board to forward the letter to its liability insurance carrier. After Fairley filed this suit against George County, process was issued to R. Wayne Christian (Christian), President of the Board, and to each individual supervisor. Fairley's attorney subsequently filed an amended complaint to which the Board answered, raising immunity and alleging a lack of statutory notice of the claim.
¶ 2. The Board moved for summary judgment, asserting that Fairley did not strictly comply with Miss. Code Ann. § 11-46-11. The trial court granted the Board's motion for summary judgment.[1] Fairley requested reconsideration of the trial court's decision which was denied. Fairley appealed the summary judgment to this Court.
¶ 3. This Court reversed the decision of the trial court granting summary judgment. Fairley v. George County, 800 So.2d 1159 (Miss. 2001) (Fairley I). We remanded this matter back to the trial court for a determination of whether Fairley substantially complied with the Mississippi Tort Claims Act (MTCA) notice provisions, Miss. Code Ann. §11-46-11. The trial court had applied a strict compliance standard, rather than that of substantial compliance, as to the letter sent by Fairley's attorney. Id.
¶ 4. On remand, the Board filed another motion for summary judgment alleging: *Page 716 
 (1) First, Fairley did not file a notice of claim that substantially complies with Miss. Code Ann. § 11-46-11;
 (2) Second, that the Board was statutorily immune from liability for all acts relating to the maintenance and upkeep of its roads.
¶ 5. The trial court entered an order granting the Board's motion for summary finding that:
 the notice did not substantially comply with the requirements of § 11-46-11 of the Mississippi Code. Additionally, the Court finds that maintenance of roads is a discretionary function for which sovereign immunity has not been waived for the county. See Coplin v. Francis, 631 So.2d 752 (Miss. 1994); Webb v. City of Lincoln, 536 So.2d 1356 (1988). As such, the Court finds that there remain no genuine issues of material fact so that George County is entitled to a judgment as a matter of law.
¶ 6. Fairley raises the following issues on appeal:
 I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT FAIRLEY FAILED TO SUBSTANTIALLY COMPLY WITH THE NOTICE PROVISIONS OF MISS. CODE ANN. § 11-46-11.
 II. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FINDING THAT THE MAINTENANCE OF ROADS BY A COUNTY IS A DISCRETIONARY FUNCTION FOR WHICH SOVEREIGN IMMUNITY APPLIED.
 STANDARD OF REVIEW
¶ 7. There are two standards of review we must apply in resolving this dispute. First, "[t]his Court reviews errors of law, which include the proper application of the Mississippi Tort Claims Act, de novo." FairleyI, 800 So.2d at 1162. Moreover, we review summary judgments de novo.Grange Mut. Cas. Co. v. U.S. Fidelity Guar. Co., 853 So.2d 1187, 1190 (Miss. 2003). The facts are viewed the light most favorable to the nonmovant. If a genuine issue of material fact exists, summary judgment is inappropriate. A nonmovant must show by specific facts that there exists a genuine issue of material fact; that is, the nonmoving party may not rest on allegations or denials in the pleadings to withstand the motion. Id.
 DISCUSSION I. WHETHER THE TRIAL COURT ERRED IN FINDING THAT FAIRLEY FAILED TO SUBSTANTIALLY COMPLY WITH THE NOTICE PROVISIONS OF MISS. CODE ANN. § 11-46-11.
¶ 8. The MTCA notice statute provides:
 Every notice of claim required by subsection (1) of this section shall be in writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.
Miss. Code. Ann. § 11-46-11 (Rev. 2002). This Court requires "substantial compliance" with the MTCA notice provisions. See Carr v. Town ofShubuta, 733 So.2d 261 (Miss. 1999); Reaves ex rel. Rouse v. Randall,729 So.2d 1237 (Miss. 1998). *Page 717 
However, while plaintiffs need only substantially comply with the MTCA notice statute, "we can hardly afford relief under the [MTCA] when there is no effort to comply with the procedural mandates." Little v. Miss.Dep't of Human Servs., 835 So.2d 9, 12-13 (Miss. 2002) (emphasis added). That is, "[t]hough substantial compliance with the notice provisions is sufficient, `substantial compliance is not the same as, nor a substitute for, non-compliance.'" Gale v. Thomas, 759 So.2d 1150, 1158 (Miss. 1999) (plurality) (quoting Carr v. Town of Shubuta, 733 So.2d 261, 265 (Miss. 1999)).
¶ 9. Although substantial compliance is a legal question, factual analysis of our cases shows that Fairley's letter to the County fails to meet even the substantial compliance standard. That is, "[t]he determination of substantial compliance is a legal, though fact-sensitive, question." Carr, 733 So.2d at 265. In terms of compliance with the notice provisions of the MTCA, the present case falls in the range between Gale and Carr.
¶ 10. In Gale, the plaintiff did not assert that the MTCA notice provisions were satisfied. 759 So.2d at 1158. Moreover, the plaintiff did not even argue substantial compliance. Rather, she simply argued that the notice provisions were inapplicable to her. Id. This Court affirmed the summary judgment in favor of the defendant city. Id. at 1160. Likewise, the plaintiff in Little failed to meet our substantial compliance requirement. The plaintiff in Little served the Attorney General with process, and there was no evidence that the plaintiff attempted to serve anyone at the agency or the agency's chief executive officer. Little, 835 So.2d at 12. Moreover, the plaintiff did not meet the statute of limitations requirement. Furthermore, the plaintiff did not file a notice of claim to toll the limitations period. Thus, we concluded that the plaintiff had "not done anything which is required under the Mississippi Tort Claims Act to sue a governmental entity." Id. However, the plaintiff in Carr substantially complied with the MTCA notice of claim provisions. 733 So.2d at 265. The Court in Carr held:
 Carr provided Shubuta with all of the required information except a liquidated amount of damages, although she stated the extent of her injuries in adequate detail. She was given the form by a city employee and assisted in completing the form. Furthermore, once her damages were ascertainable, the adjuster was made aware of same and actively pursued settlement with Carr and her attorney. It is not difficult to find in this case that Ms. Carr substantially complied with the notice of claim provisions of the act.
Id.
¶ 11. These cases exemplify the marked contrast in compliance that we have previously considered. On one hand, we have the plaintiffs inGale and Little who clearly did not meet our substantial compliance requirement. At the other end of the spectrum is Carr, in which the plaintiff substantially complied with the statute's simple standards by providing sufficient information about herself and the cause of her injuries.
¶ 12. Here, however, we are unwilling to overlook the clear mandates of the Legislature and our precedents. It is neither possible nor prudent to reduce the determination of substantial compliance to a rigid mathematical test. However, we note that George County argues convincingly that under Fairley's view of substantial compliance, a plaintiff who complies with only about 25% of the MTCA notice requirement achieves "substantial compliance" for purposes of the statute and our case law. The County argues that *Page 718 
Fairley's letter was in writing and gave the time and place of the injury. The letter was not sent to the County, but rather to an attorney. The County also points out the following defects in the letter:
 This letter was not (1) sent registered mail or certified mail, nor was it delivered in person; (2) did not contain a short and plain statement of the facts with regard to circumstance of injury; (3) did not give the extent of injuries; (4) did not give the name of all persons; (5) did not list the damages sought; and (6) did not give the residence of the claimant.
¶ 13. The separate opinion argues that the facts inReaves and those present here are similar or even identical. This is simply not the case. Here, we have a bare attempt at "minimal compliance," certainly not "substantial compliance" as required by statute and as contemplated by our precedent case law. Fairley made no attempt to comply with at least six statutorily required factors. We recognize "regarding extent of injuries" requirements that on occasion the full extent of such injuries may only become known at a later date. However, a plaintiff is required to reveal the extent of injuries known at the time the notice letter is sent. We hold, as in Gale and Little, that Fairley did not substantially comply with the statute. Our role is one of interpreting the law as passed by the Legislature. Accordingly, this Court will interpret the statute as written, ever mindful that the Legislature has the ultimate authority to further modify the statutes if it deems necessary.
¶ 14. We find that the trial court did not err in finding that Fairley failed to substantially comply with the MTCA notice provisions. Therefore, this issue is without merit.
 II. WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FINDING THAT THE MAINTENANCE OF ROADS BY A COUNTY IS A DISCRETIONARY FUNCTION FOR WHICH SOVEREIGN IMMUNITY APPLIED.
¶ 15. Because we find that Fairley did not substantially comply with the MTCA notice provisions and summary judgment was appropriate, we need not consider this assignment of error.
 CONCLUSION
¶ 16. For the foregoing reasons, we find that Fairley's assignments of error are without merit. Therefore, the judgment of the trial court is affirmed.
¶ 17. AFFIRMED.
WALLER AND COBB, P. JJ., CARLSON AND DICKINSON, JJ., CONCUR. EASLEY,J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION JOINED BYGRAVES, J. DIAZ, J., NOT PARTICIPATING.
[1] At the time the trial court considered Fairley I, strict compliance with the notice provisions of the MTCA was necessary to provide adequate notice. On December 31, 1998, this Court changed the notice standard to substantial compliance with the MTCA in Reaves ex rel. Rouse v. Randall,729 So.2d 1237 (Miss. 1998).