# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-00684-SCT

*SOUTH CENTRAL REGIONAL MEDICAL CENTER*

*v.*

*RHONDA GUFFY*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/15/2005 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD O. BURSON |
| | WENDELL JOSEPH WIGGINS |
| ATTORNEY FOR APPELLEE: | LEONARD B. MELVIN, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND RENDERED - 06/01/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

## PROCEDURAL HISTORY

¶1.    Rhonda Guffy (Guffy) filed suit against the South Central Regional Medical Center (Hospital) located in Laurel, Mississippi, in the Circuit Court of the Second Judicial District of Jones County, Mississippi, on November 14, 2002.  The Hospital filed its answer on December 11,  2002, raising the Mississippi Torts Claim Act (MTCA), Miss. Code Ann. § 11-46-1 *et seq*., as an affirmative defense. The Hospital also filed interrogatories and took depositions in the case.

¶2.     Subsequently, the Hospital filed its motion to dismiss Guffy's claim on November 18, 2004. The Hospital argued that Guffy's complaint should be dismissed for failure to meet the notice requirements of Miss. Code Ann. § 11-46-11. Guffy did not file a written response to the motion to dismiss. The trial court held a hearing on the motion on February 28, 2005. On March 15, 2005, the trial court denied the Hospital's motion to dismiss. On April 5, 2005, the Hospital sought interlocutory appeal of the trial court's ruling, which this Court granted on June 8, 2005. *See* M.R.A.P. 5.

## FACTS

¶3.     On or about September 20, 2002, Guffy suffered injuries when she stepped into a hole in the Hospital's parking lot. Guffy was immediately taken to the Hospital's emergency room where she was treated and released. Guffy filed suit against the Hospital fifty-five days after the accident on November 14, 2002. After filing its answer and conducting discovery, the Hospital filed its motion to dismiss Guffy's complaint based on her failure to substantially comply with the notice requirements of the MTCA. The Hospital argued that no written notice or letter was ever provided as required by Miss. Code Ann. § 11-46-11(2).

¶4.     The record does not contain any written notice from Guffy to the chief executive officer of this governmental entity or anyone else. Likewise, Guffy does not demonstrate that written notice was provided to the Hospital under Miss. Code Ann. § 11-46-11(2). Guffy contended that she substantially complied with the notice requirements based on a conversation she had with the risk manager at the Hospital to review her emergency room medical bill. Guffy also contends the Hospital was on notice because her attorney requested

2

her medical records from the Hospital and informed an insurance adjuster that Guffy intended to file suit against the Hospital.

¶5.    In addition to failing to provide any written notice in the record, Guffy filed suit against the Hospital fifty-five days after the accident.  As such, Guffy also failed to wait the statutory ninety days after providing notice to file suit against the Hospital.  After hearing oral arguments on the Hospital's motion to dismiss, the trial court took the matter under advisement and subsequently entered its order denying the Hospital's motion to dismiss.  The trial court found only "that the Defendant's motion is not well taken and should be denied."

¶6.    The Hospital is now before this Court on interlocutory appeal raising the following issues:

> I.    **Whether Guffy's complaint should have been dismissed for failing to substantially comply with the notice requirements of Miss. Code Ann. § 11-46-11(2).**
>
> II.    **Whether Guffy's complaint should have been dismissed for failing to wait the statutory ninety days before filing suit under Miss. Code Ann. § 11-46-11(1).**

## DISCUSSION

¶7.    On appeal, the Hospital argues the trial court's judgment denying the Hospital's motion to dismiss for Guffy's failure to comply with the notice requirements of Miss. Code Ann. § 11-46-11(2) should be reversed.  As such, the Hospital claims Guffy failed to substantially comply with the notice provision of the MTCA.  This Court reviews errors of law, including the proper application of the Mississippi Tort Claims Act, de novo.  *Fairley v. George County*, 871 So. 2d 713, 716 (Miss. 2004); *City of Jackson v. Brister*, 838 So. 2d

3

274, 277-78 (Miss. 2003). "The MTCA is the exclusive remedy for filing a lawsuit against governmental entities and its employees." *Id.* at 277-78. The standard employed by this Court requires substantial compliance with the notice requirements of the MTCA. *McNair v. Univ. of Miss. Med. Ctr.*, 742 So. 2d 1078, 1080 (Miss. 1999); *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999); *see also Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237, 1240 (Miss. 1998) ("When the simple requirements of the Act have been substantially complied with, jurisdiction will attach for purposes of the Act.").

¶8.     At the hearing on the Hospital's motion to dismiss, Guffy's counsel stated that he spoke and corresponded with the director of the Hospital and with the Hospital's insurance company trying to settle Guffy's claim without filing suit. However, Guffy **never** produced any documentation or correspondence at the hearing or in the record to demonstrate that any written notice pursuant Miss. Code Ann. § 11-46-11(2) had been provided. The Hospital was not aware of any correspondence. The record is completely devoid of any written notice or any written documentation that could be construed to be written notice under Miss. Code Ann. § 11-46-11(2).

¶9.     Likewise, Guffy does not provide any details as to when the alleged conversations with the director or the insurance company took place. Counsel for the Hospital stated at the motion hearing that no one from the Hospital, the executive director, Doug Higginbotham, nor any one from the insurance company ever informed Guffy or Guffy's attorney that she did not have to comply with the notice requirements under the MTCA. The record is clear that the complaint was filed fifty-five days after the accident occurred, and the Hospital was

4

served four days later. Therefore, even though no written notice is contained in the record, Guffy clearly did not wait the statutory ninety days before commencing the action against the Hospital.

¶10.    Guffy argued that the Hospital unduly delayed raising the notice requirement waiting until November 18, 2004, to file its motion to dismiss. The Hospital contended that the MTCA was raised as an affirmative defense in its answer. Also, the Hospital stated at the hearing that its insurance company, Reciprocal of America, went into default and then court-handled liquidation. The liquidation delayed the case while the guaranty fund sorted out the claim's assignment. The counsel for the Hospital testified that the liquidation delayed the case for 2003 and part of 2004.

## I.    Lack of written notice

¶11.    On appeal, Guffy does not provide any legal authority in support of her position. Rather, Guffy states that no Mississippi cases can be found similar to the case at hand. Guffy asks this Court in the interest of justice and fairness to affirm the trial court's judgment to deny the Hospital's motion to dismiss. Guffy states that the Hospital received sufficient notice. The Hospital contends that Guffy failed to substantially comply with the notice requirement under Miss. Code Ann. 11-46-11(2).

¶12.    The MTCA notice statute provides:

>    **Every notice of claim** required by subsection (1) of this section **shall be in writing**, and shall be delivered in person or by registered or certified United States mail. **Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based**, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved,

5

the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss. Code Ann. § 11-46-11(2) (Rev. 2002) (emphasis added).

¶13. This Court in 2004 addressed a situation similar to the argument raised by Guffy on appeal regarding Miss. Code Ann. § 11-46-11(2) in *Fairley*. There this Court distinguished between substantial compliance and non-compliance with the notice provisions of the MTCA, stating:

> This Court requires "substantial compliance" with the MTCA notice provisions. *See Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999); *Reaves ex rel. Rouse v. Randall*, 729 So. 2d 1237 (Miss. 1998). However, while plaintiffs need only substantially comply with the MTCA notice statute, "we can hardly afford relief under the [MTCA] when there is no effort to comply with the procedural mandates." *Little v. Miss. Dep't of Human Servs*., 835 So. 2d 9, 12-13 (Miss. 2002) (emphasis added). That is, "[t]hough substantial compliance with the notice provisions is sufficient, '**substantial compliance is not the same as, nor a substitute for, non-compliance**.' " *Gale v. Thomas*, 759 So. 2d 1150, 1158 (Miss. 1999) (plurality) (quoting *Carr v. Town of Shubuta*, 733 So. 2d 261, 265 (Miss. 1999).

*Fairley*, 871 So. 2d at 716-17 (emphasis added). "'The determination of substantial compliance is a legal, though fact-sensitive, question.'" *Id.* at 717 (quoting *Carr*, 733 So. 2d at 265).

¶14. The Court determined that the letter failed to substantially comply with at least six required notice factors as the "letter was not (1) sent registered mail or certified mail, nor was it delivered in person; (2) did not contain a short and plain statement of the facts with regard to circumstance of injury; (3) did not give the extent of injuries; (4) did not give the name of all persons; (5) did not list the damages sought; and (6) did not give the residence of the claimant." *Id.* at 718. While the Court in *Fairley* had a letter to consider in determining

6

whether substantial compliance had occurred, this case is devoid of any letter to examine to determine if any of the required notice factors have been satisfied. However, Fairley made a similar argument as Guffy that the Board had sufficient notice of the claim despite the content of the letter or the defects in the letter. *Id.* at 718-19 .

¶15. In *Fairley*, besides the letter, the facts contained in the separate opinion, concurring in result, provide that the president of the board of supervisors, another board member, and the board's comptroller testified in depositions that they were aware of Fairley's accident. *Id.* at 719-20. Likewise, the board's insurance adjuster testified in her deposition that she was aware of the accident and had conversations with the board's comptroller and a board member regarding Fairley's case. *Id*. at 720. Fairley's attorney also provided an affidavit that she had numerous telephone conversations with the board's insurance adjuster regarding Fairley's accident. *Id*. In *Fairley*[1] this Court examined the letter Fairley's attorney sent to the George County Board of Supervisors; however, the Court determined that Fairley failed to substantially comply with the notice requirements. *Id*. at 718.

¶16. Furthermore, in *Black v. City of Tupelo*, 853 So. 2d 1221, 1226 (Miss. 2003), this Court in 2003 addressed another case factually similar to this case. In *Black*, Black failed to send any notice of claim letter at all. *Id*. The Court found that Black had not substantially complied with the notice requirements of the Mississippi Tort Claims Act as he did not provide the notice required. *Id*.

---

[1] The whole letter is contained in the separate opinion concurring in result. *Fairley*, 871 So. 2d at 719.

7

¶17.    Recently, this Court has had the opportunity to further examine the application of Miss. Code Ann. § 11-46-11. In *University of Mississippi Medical Center v. Easterling*, 2006 WL 871302 (Miss. 2006), this Court has adopted a strict compliance requirement regarding Miss. Code Ann. § 11-46-11(2). However, this Court's language in its holding in *Easterling* is very specific in its application. In *Easterling*, we stated:

> In order to make it perfectly clear to all that strict compliance is required, as stated in *Davis* and *Wright*, we hereby overrule *Tomlinson* and its progeny, including *Booneville*, *Givens*, *City of Wiggins*, *Mississippi School for Blind*, and *Clay County*, *but only as to those cases' analysis of the ninety-day notice requirement*. In other words, the rule set forth in *Tomlinson*, that the responsibility falls on the defendant to request a stay of the lawsuit when a plaintiff is not in compliance with the ninety-day notice requirement, is abrogated.

*Easterling*, 2006 WL 871302 *5 (emphasis added). Thus, the holding was clear and unambiguous that it addressed **only** the ninety-day notice requirement under Miss. Code Ann. § 11-46-11(1). *Id*. The *Tomlinson* case and its progeny cited in the *Easterling* decision dealt with the application of the ninety-day notice requirement. *Id*. However, this is not the case at hand in Issue I. Miss. Code Ann. § 11-46-11(1) and its ninety-day statutorily required waiting period before maintaining an action are addressed in Issue II. As such, our holding in *Easterling* is incorporated into the discussion in Issue II, regarding Miss. Code Ann. § 11-46-11(1).

¶18.    While *Easterling* is limited in its holding to the ninety-day notice requirement, the MTCA requires persons wishing to file suit against a "governmental entity or its employee" to provide notice "ninety (90) days prior to maintaining an action," and to provide "a short and plain statement of the facts upon which the claim is based." *See* Miss. Code Ann. § § 11-

8

46-11(1) and (2); *See also **Easterling***, 2006 WL 871302 *4-5.  Pursuant to Miss. Code Ann. § 11-46-11(2), there are seven required categories of information which must be included. The seven required categories are as follows: (1) the circumstances which brought about the injury; (2) the extent of the injury; (3) the time and place the injury occurred; (4) the names of all persons known to be involved; (5) the amount of money damages sought; (6) the residence of the person making the claim at the time of the injury; and (7) the claimant's residence at the time of filing the notice.  *See* Miss. Code Ann. § 11-46-11(2).  The language of Miss. Code Ann. § 11-46-11(2) clearly states that "every notice of claim **shall** contain a short and plain statement" addressing these seven categories of information or facts upon which the claim is based and this "**shall** be in writing."  *See* Miss. Code Ann. § 11-46-11(2). As such, the language contained in Miss. Code Ann. § 11-46-11(2) is mandatory.

¶19.    With respect to the seven required categories of information, the failure to provide any one of the seven categories is failure to comply.  Thus, the term "substantial compliance" in this context is  rendered meaningless.  Either the written notice complied with Miss. Code Ann. § 11-46-11(2) by **disclosing *all* seven required categories** of information, or it did not comply with the statute by failing to disclose all seven required categories of information. The wording, "substantial compliance" with the requirements of Miss. Code Ann. § 11-46-11(2), contained in many of this Court's opinions regarding the application of Miss. Code Ann. § 11-46-11(2) causes confusion and needs to be addressed by this Court today in order to provide direction and clarity to the courts and the bar.  *See, e.g.,  **Fairley***, 871 So. 2d at 716; ***Gale v. Thomas***, 759 So. 2d at 1158; ***McNair v. Univ. of Miss. Med. Ctr.***, 742 So. 2d

9

at 1080; ***Carr v. Town of Shubuta***, 733 So. 2d at 263; ***Reaves ex rel. Rouse v. Randall***, 729 So. 2d at 1240.

¶20.    The confusion has arisen in the discussion of Miss. Code Ann. § 11-46-11(2), as to how much information is required by this Court under each of the seven categories to comply with Miss. Code Ann. § 11-46-11(2).  As a practical example, the first category requires notice of the "circumstances which brought about the injury."  In order to comply with this requirement, the notice need not disclose every single fact, figure and detail, but rather the substantial details, in order to comply with the requirements of Miss. Code Ann. § 11-46-11(2).  But, the failure to provide *any* of the seven statutorily required categories of information falls short of the statutory requirement and amounts to non-compliance with Miss. Code Ann. § 11-46-11(2).  However, where some information in each of the seven required categories is provided, this Court must determine whether the information is "substantial" enough to be in compliance with the statute.  If it is, the result is "compliance," not "substantial compliance" with the requirements under Miss. Code Ann. § 11-46-11(2).

¶21.    Therefore, we find that Guffy has failed to comply with the notice requirements of Miss. Code Ann. § 11-46-11(2).  Due to the lack of any written notice in the record, Guffy failed to comply with the mandatory requirements of Miss. Code Ann. § 11-46-11(2) as **none** of the seven required categories of information are provided.  As such, the trial court committed reversible error in denying the Hospital's motion to dismiss Guffy's complaint for failure to comply with the notice requirements of Miss. Code Ann. § 11-46-11(2).

## II. Failure to wait ninety days

¶22. As stated above, the trial court's judgment denying the Hospital's motion to dismiss constituted reversible error as the record does not demonstrate that Guffy ever provided written notice to the Hospital under Miss. Code Ann. § 11-46-11(2). Therefore, there is no need to address Guffy's failure to wait the statutory ninety days after providing notice before commencement of her action against the Hospital in any great detail.

¶23. The record demonstrates that Guffy failed to wait the statutory ninety days after providing notice before filing suit against the Hospital. Besides the lack of written notice, the record also reveals that Guffy filed suit against the Hospital fifty-five days after the accident occurred on November 14, 2002. Four days later on November 18, 2002, the Hospital's executive director, Douglas Higginbotham, was served with Guffy's complaint. As such, it is impossible for Guffy to contend the ninety-day period was met. The MTCA specifically requires the plaintiff to wait ninety days after providing notice before maintaining an action against a governmental entity, stating:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ***ninety (90) days prior to maintaining an action thereon***, such person shall file a notice of claim with the chief executive officer of the governmental entity.

Miss. Code Ann. § 11-46-11(1) (Rev. 2002) (emphasis added).

¶24. In ***Black***, 853 So. 2d at 1226, this Court in 2003 stated:

> There is a **mandatory notice requirement** on potential plaintiffs which must be satisfied prior to the institution of any tort lawsuit against a governmental entity or one of its employees. Specifically, in an action against

11

a governmental agency "**ninety days prior to maintaining an action** thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1) (1999).

(Emphasis added).

¶25. Furthermore, in *Easterling*, 2006 WL 871302 *5, this Court has gone further and adopted strict compliance as to the ninety-day notice requirement under Miss. Code Ann. § 11-46-11(1). As such, we find that the record clearly demonstrates that Guffy failed to strictly comply with the ninety-day notice requirement under Miss. Code Ann. § 11-46-11(1). Accordingly, we find that the trial court erred in denying the Hospital's motion to dismiss Guffy's complaint.

## CONCLUSION

¶26. For the above and foregoing reasons, we find the trial court committed reversible error in finding that Guffy substantially complied with the notice provisions of Miss. Code Ann. § 11-46-11(2) and denying the Hospital's motion to dismiss. We find that Guffy did not comply with the notice provisions of Miss. Code Ann. § 11-46-11(2). Furthermore, Guffy did not strictly comply with the statutory ninety-day requirement under Miss. Code Ann. § 11-46-11(1). Therefore, the judgment of the Circuit Court of Jones County, Mississippi, is reversed, and judgment is rendered here dismissing Guffy's complaint against South Central Regional Medical Center without prejudice.

¶27. **REVERSED AND RENDERED.**

**SMITH, C.J., COBB, P.J., CARLSON AND DICKINSON, JJ., CONCUR. DIAZ AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. WALLER, P.J., AND RANDOLPH, J., NOT PARTICIPATING.**

12