# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00247-COA

**LINDA JO ELLIS AND EUGENE LEWIS**                          APPELLANTS

**v.**

**OXFORD TRADING POST, LLC**                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 01/22/2021 |
| TRIAL JUDGE: | HON. KENT E. SMITH |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | THOMAS M. McNEELY JR. |
| | LUCIEN C. GWIN JR. |
| ATTORNEY FOR APPELLEE: | RICHARD RUNFT BARRETT |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | APPEAL DISMISSED - 12/07/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.    Linda Jo Ellis (Linda Jo) and Eugene Lewis appeal the Lafayette County Circuit Court's grant of summary judgment in favor of Oxford Trading Post LLC (OTP) in a suit Linda Jo and Lewis filed against OTP and others, alleging, among other things, that OTP deprived them of their ownership rights in a Native American canoe. Finding that the judgment as to OTP was not a final, appealable judgment, we dismiss the appeal for lack of appellate jurisdiction.

## Facts

¶2.    In May 1974, Eugene Lewis, Eddie Ellis (Ellis), and Jerry Haney found a Native

American canoe while they were searching the Homochitto River in Wilkinson County, Mississippi, for two men who were lost when a bridge collapsed from recent flooding. Carbon dating showed that the canoe was built around 1465. After preservation, the canoe was stored underneath Haney's old homeplace and later moved by Haney's son, Terry, to different locations over the years.

¶3. Lewis, Ellis, and Haney agreed that each of them owned a one-third interest in the canoe. An attorney in Natchez drafted a written agreement reflecting this, which each of them signed before a notary public on May 24, 1974. Historical documents in the record indicate that the men intended to sell the canoe, but there is little information after 1976 as to what activities they undertook in that regard, and the canoe remained unsold and in Terry's possession until 2014.

¶4. One issue in the case is who had a legal interest in the canoe in 2014. Terry contends that Ellis's heirs did not.[1] On January 2, 1976, Ellis signed a document, handwritten on the Prentiss Motel stationery, which Ellis's wife, Linda Jo, agreed bore her husband's signature. It read:

> I hereby agree to transfer any and all of my interest to Mr. Jerry A. Haney, every part and all of my claim in the ancient canoe in witch [sic] we found along the bank of the Homochitto River on April 18, 1974. This assignment

---

[1] Eddie Ellis died in June 2001. His estate was administered in the Chancery Court of Adams County, Mississippi. In those proceedings, his heirs were determined to include his widow, Linda Jo Ellis, and daughters, Debbie Lynn Ellis, Belinda Diane Ellis Baromi, and Linda Gay Ellis Fisher. In August 2015, the daughters conveyed any interest they had in the canoe to their mother, Linda Jo.

is made in lieu of an agreement pertaining to a loan made by me and cosigned by Mr. Jerry A. Haney at the City Bank and Trust Company, Natchez, Mississippi, in the amount of $2,000 around the first of 1975.

Witness
R. J. Haney

Linda Jo testified that Ellis did not tell her about this document or any loan to City Bank. But according to Linda Jo, Lewis did tell her that Ellis had told him that the loan "was taken care of." Linda Jo points out that after they moved to Dallas, Ellis drafted an advertisement for the sale of the canoe, thereby evincing Ellis's continued belief that he was still a part owner.[2]

¶5.     Prior to Jerry Haney's death, he gave Ellis's 1976 assignment to his son, Terry. Terry testified that his father also told him that Lewis had signed something similar, conveying his interest. But Terry never saw such a document, if it existed. Still, based on his father's representations to him, Terry assumed that his father was the sole owner of the canoe at the time of his death in 1999.

¶6.     The sole surviving discoverer of the canoe, Eugene Lewis, testified that Haney's wife, Marjorie, attempted to get him to sign a statement saying that he had transferred his interest in the canoe to Jerry. Lewis refused to sign the statement.

¶7.     In the spring of 2014, Terry sold the canoe to Jeremy Brock Smith and OTP, located in Oxford, Mississippi, for $5,500. Terry explained that he had moved the canoe from location to location, and he finally decided to sell it. He testified that he contacted Christie's

---

[2] The record does not indicate whether this advertisement was ever published in a newspaper or trade magazine.

3

and Sotheby's auction houses and the Smithsonian Institute. Christie's auction house referred Terry to an artifact dealer in New York City named John Malloy, who told him that discoveries of other such canoes had driven down the value and that the canoe was worth $10,000 at most. Terry found OTP on the internet and contacted Smith by email, offering to sell the canoe. Terry emailed Smith several times but met Smith only once when Smith came with $5,500 cash to pick up the canoe.[3] Terry gave Smith a copy of Ellis's assignment, an affidavit from Marjorie that stated both Ellis and Lewis had conveyed their interest in the canoe to Haney, and Terry's own affidavit that he was the sole owner of the canoe.

¶8. Thereafter, Smith and OTP sold the canoe to John L. Morris and White Oak Ventures (White Oak) on September 10, 2014, for $35,000. The canoe is now on display in the "Johnny Morris Top of the Rock Museum" in Branson, Missouri.

¶9. Lewis was unaware of the sale, as was Linda Jo, who only learned of it in 2015 when her daughter discovered that the canoe was listed for sale on OTP's website.

¶10. Linda Jo and Lewis sued Smith, OTP, Morris, and White Oak in the Circuit Court of Adams County on December 10, 2015. The case was transferred to the Wilkinson County Circuit Court, and on February 6, 2017, Linda Jo and Lewis amended the complaint to add Terry and Marjorie as defendants. On April 4, 2018, the Wilkinson County Circuit Court transferred the case to Lafayette County Circuit Court under the doctrine of forum non conveniens.

---

[3] The record is silent as to how this sales price was negotiated.

¶11. Linda Jo and Lewis alleged that Terry and Marjorie intentionally or with gross negligence misrepresented to the other defendants that they owned the canoe. Linda Jo and Lewis also alleged that Smith, OTP, Morris, and White Oak intentionally or with gross negligence failed to conduct due diligence to determine the true ownership of the canoe. Linda Jo and Lewis further alleged that all defendants acted in concert and conspired to deprive them of their rightful interests in the canoe. They demanded a share of the sale proceeds or a return of the canoe.

¶12. On October 21, 2019, OTP moved for summary judgment, claiming there was no genuine issue of material fact in dispute as to whether OTP intentionally or with gross negligence failed to discern ownership of the canoe or conspired to deprive Linda Jo and Lewis of their alleged ownership rights. No other defendant joined in OTP's motion. On January 21, 2021, the circuit court granted summary judgment in favor of OTP.

¶13. Linda Jo and Lewis appeal, raising the following issues: (1) whether the circuit court erred in finding no genuine issues of material fact in dispute; and (2) whether the circuit court erred in finding that they had failed to make a sufficient showing of proof on the essential elements of their causes of action.

**Analysis**

¶14. Before addressing the merits of Ellis and Lewis's appeal, we first address the issue of our authority to do so. Although no party has raised it, "an appellate court must address issues of jurisdiction on its own motion." *Hamilton v. Southwire Co.*, 191 So. 3d 1275, 1279

(¶15) (Miss. Ct. App. 2016).

¶15.    Appeals may be taken only from a final judgment. *Blaney v. Black Jack Oil Co.*, 325 So. 3d 1204, 1206 (¶8) (Miss. Ct. App. 2021) (citing *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013)); Miss. Code Ann. § 11-51-3 (Rev. 2019)). "A final, appealable judgment is one that adjudicates the merits of the controversy and settles all issues as to all the parties and requires no further action by the trial court." *In re Conservatorship of Smith v. Vandevort*, 237 So. 3d 852, 862 (¶29) (Miss. Ct. App. 2017); *LaFontaine*, 110 So. 3d at 787 (¶8). A judgment is final if it ends the litigation on the merits as to all parties. *LaFontaine*, 110 So. 3d at 787 (¶8).

¶16.    "Where a summary judgment dismisses some of the parties to a lawsuit, but not all of the parties, Rule 54(b) of the Mississippi Rules of Civil Procedure governs." *Fairley v. George County*, 800 So. 2d 1159, 1161 (¶4) (Miss. 2001). Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R.C.P. 54(b). The advisory committee notes to the rule point out that absent a certification from the trial court in the order that there is no just reason for delay and that the court

6

expressly directs the entry of a final judgment against a party, the judgment is interlocutory. "Given that separate, piecemeal appeals of interlocutory orders entered in a single action would usually be inefficient, parties may not appeal interlocutory orders as of right. M.R.C.P. 54 advisory committee notes. "Absent a certification under Rule 54(b), any order in a multiple-party or multiple-claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory." *Newson v. Newson*, 138 So. 3d 275, 277 (¶7) (Miss. Ct. App. 2014). Interlocutory orders are not appealable unless the Mississippi Supreme Court grants permission to appeal under Rule 5 of the Mississippi Rules of Appellate Procedure, and this Court is to "dismiss uncertified interlocutory appeals." *Fairley*, 800 So. 2d at 1161-62 (¶4); *see also In re Conservatorship of Smith*, 237 So. 3d at 862 (¶29) (dismissing appeal when the chancellor did not certify the judgment as final, and appellant did not obtain the Supreme Court's permission to file an interlocutory appeal).

¶17. In this case, no other defendant joined in OTP's motion for summary judgment. Consequently, the court's ruling on OTP's motion merely adjudicated Linda Jo's and Lewis's claims against OTP, not those against Terry, Marjorie, Smith, Morris, or White Oak. In its order, the circuit court found that OTP had presented evidence that no genuine issue exists as to Linda Jo's and Lewis's claims against OTP. The circuit court concluded:

> Therefore, Defendant Oxford Trading Post LLC's Motion for Summary Judgment is well-taken and is hereby GRANTED. Each party shall bear its own costs in prosecuting and defending this motion.

> The Clerk is directed to provide a copy of this Order to all counsel of record.

7

SO ORDERED AND ADJUDGED, this the 21st day of January, 2021.

The court's order clearly did not dispose of all claims against all parties. Nor did it include the express certifications required by Rule 54(b) for us to consider it on appeal. The court made no express determination that there was no just reason for delay, nor did it expressly direct the entry of the order as a final judgment. Further, a review of the docket shows that Ellis and Lewis have not sought permission from the Mississippi Supreme Court under Rule 5 to appeal from the circuit court's order. Accordingly, this Court has no jurisdiction and must dismiss this appeal.

## Conclusion

¶18. Because (1) the order granting summary judgment in favor of OTP is not a final judgment disposing of Linda Jo's and Lewis's claims against other defendants, (2) Linda Jo's and Lewis's judgment fails to include the express certifications required by Rule 54(b), and (3) there is no permission to file an interlocutory appeal, we lack appellate jurisdiction and must dismiss the appeal.

¶19. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**