970 So.2d 1298 (2007)
Robert S. SCRUGGS a/k/a Robert Samuel Scruggs a/k/a Tac Hammer, Appellant
v.
Joe CALDWELL, Circuit Clerk of the Circuit Court of Alcorn County, Appellee.
No. 2006-CP-01942-COA.
Court of Appeals of Mississippi.
October 30, 2007.
Robert S. Scruggs, pro se.
Robert Joseph Mims, Oxford, attorney for appellee.
Before KING, C.J., CHANDLER and CARLTON, JJ.
CARLTON, J., for the Court.
¶ 1. This case comes before the Court on appeal from the dismissal with prejudice of Robert Scruggs's civil complaint for redress regarding his request for public records entered by the Alcorn County Chancery Court. Finding no error, we affirm the judgment of the chancery court.

FACTS
¶ 2. An Alcorn County grand jury indicted Robert Scruggs on January 23, 1998, for possession of cocaine with intent to sell and for assault on a police officer. After being convicted at trial, Scruggs, who was sentenced as an habitual criminal under *1299 Mississippi Code Annotated section 99-19-81 (Rev.2000), received a thirty-year prison term in August of 1998. On January 9, 2006, Scruggs sent his request for public records to the Alcorn County Circuit Clerk, pursuant to Mississippi Code Annotated section 25-61-5 (Rev.2006), seeking several documents, including a certified stamped filed copy of the indictment returned against him by the grand jury, copies of minutes detailing the grand jury proceeding, and the affidavit of the grand jury foreman. On March 31, 2006, Scruggs filed a complaint for redress against the Alcorn County Circuit Clerk in the Alcorn County Chancery Court, pursuant to Mississippi Code Annotated section 25-61-13 (Rev.2006), claiming that the clerk, Joe Caldwell, had not provided him with the requested documents. After an October 10, 2006, hearing in Alcorn County Chancery Court, the chancellor ordered that the circuit clerk make copies of all the documents the clerk's office had in its possession regarding Scruggs's request. The circuit clerk filed a notice of service on October 20, 2006, showing he had sent a certified copy of the indictment, minutes pertaining to the grand jury proceeding, minutes pertaining to the Alcorn County Circuit Court, and copies of all the exhibits related to Scruggs's criminal case. After receiving the notice of service, the chancellor signed an order dismissing Scruggs's suit against Caldwell with prejudice. Scruggs now appeals that dismissal, claiming he has been denied access to public records and that the venue for his suit against Caldwell was changed.

DISCUSSION
¶ 3. "This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." Sanderson v. Sanderson, 824 So.2d 623, 625-26(¶ 8) (Miss.2002) (citing Kilpatrick v. Kilpatrick, 732 So.2d 876, 880(¶ 13) (Miss. 1999)).
¶ 4. The parties are in agreement as to what Mississippi Code Annotated section 25-61-5 (Rev.2006) requires of the circuit clerk with regard to Scruggs's request for documents. Their dispute lies in whether or not the circuit clerk actually provided the documents Scruggs requested. While Scruggs is insistent that he has not yet received all of the documents he requested, the circuit clerk's office claims to have sent everything he requested that was in the clerk's office. Anything that had not been sent, the clerk claimed, either did not exist or was not kept in his office. Regardless, after hearing arguments for both sides at the hearing on October 10, 2006, the chancellor ordered that all the documents which Scruggs sought, and which the clerk actually had, be copied and turned over to Scruggs. The circuit clerk later sent a notice of service as proof that they had indeed sent the requested documents and exhibits to Scruggs. The chancellor was satisfied that the documents had been provided to Scruggs and dismissed the suit with prejudice, seeing "no further legitimate controversy between the parties." The circuit clerk has no obligation under the statute to provide documents that do not exist or to create documents to satisfy a public records request. Accordingly, we agree with the chancellor that there is no further legitimate controversy between Scruggs and Caldwell, and the chancellor properly dismissed the case.
¶ 5. Scruggs also argues that the chancellor changed the venue for the hearing from Alcorn County Chancery Court to Lee County, as his hearing was held in the Tupelo Justice Center rather than in Alcorn *1300 County. We find this argument to be without merit, as the hearing was still docketed as being in the Alcorn County Chancery Court. Scruggs also claims that the Chancery Court of Lee County entered the final judgment of dismissal in his case, but the order in the record clearly shows that it was filed in the Alcorn County Chancery Court. According to Mississippi Code Annotated section 25-61-13 (Rev.2006), "[p]roceedings arising under this section shall take precedence on the docket over all other matters and shall be assigned for hearing and trial at the earliest practicable date and expedited in every way. Such suits may be heard in term-time or in vacation." Chancery court was not in term in Alcorn County on October 10, 2006. As Lee and Alcorn Counties are both in the first chancery court district, the chancellor could have presided over the hearing in either county.
¶ 6. Because there has been no showing that the chancellor was manifestly wrong or clearly erroneous in dismissing Scruggs's complaint, we affirm the judgment of the chancery court.
¶ 7. THE JUDGMENT OF THE CHANCERY COURT OF ALCORN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.