BARNES, J.,
for the Court:
¶ 1. Robert Scruggs, appearing pro se, appeals the dismissal of his complaint regarding his request for public records in the Alcorn County Chancery Court. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On July 19, 2010, Scruggs, an inmate of the Mississippi Department of Corrections, filed a cause of action styled “Civil Action Under Mississippi Public Records Act of 1983, Miss.Code Ann. Section 26-61-1-9-11” in the Chancery Court of Alcorn County against the “Board of Supervisors Alcorn County Commissioners et al.” (Respondents). Scruggs sought facts about Jeff Palmer’s termination from the joint drug task force of Corinth, Mississippi. Scruggs alleged that Palmer was dismissed for tampering and planting evidence of the use of drugs.[1] Scruggs claimed he had requested public information about Palmer, and the information had not been provided.
¶ 3. In response, the Respondents filed motions to dismiss on various grounds, including that Scruggs has not exhausted his administrative remedies by making a written demand for public records in Al-corn County. Respondents argued that, assuming the document was a properly filed complaint, it should be dismissed under Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim, as the pleading did not identify any records or documents being sought by Scruggs. Additionally, the Respondents requested a more definite statement because the pleading was too vague to understand and answer. Alternatively, Respondents moved to strike the pleading because it did not identify the public information requested and the date of the request. Finally, the Respondents claimed Scruggs failed to comply with Rule 2.07 of the Uniform Chancery Court Rules in that his pleadings were not paragraphed. The Respondents attached to its motion an affidavit by Bobby Marolt, Chancery Clerk of Alcorn County. Marolt swore under oath that Scruggs had not made any oral or written requests to the Respondents for public information of any kind. Scruggs filed a motion to amend his pleadings, requesting the personnel files of Marcus Mills, a drug task force officer. The chancery court denied the motion. Scruggs then requested issuance of a subpoena duces tecum for the same records that are the subject of this lawsuit. The Respondents filed a motion to quash the request, which had been mailed to them as well as to the chancery court.
¶ 4. In August 2010, the chancery court ordered the Respondents to produce to the court for an in-camera inspection the redacted personnel files of former county *327 employees Palmer and Mills. After thoroughly reviewing the redacted records, the chancellor entered an order on September 28, 2010, dismissing Scruggs’s case. The chancellor found that the only notice received by the Alcorn County Board of Supervisors (Board) of a request for public records was the “civil action” filed by Scruggs. The chancellor noted:
This “Civil Action” does not contain numbered paragraphs, does not contain one subject matter per paragraph, is almost entirely abstract statements of law, alleges almost no facts, does not identify any requested documentation, does not indicate a request had been previously made for such information to any department of Alcorn County, Mississippi, is vague, is ambiguous, and it is impossible to fashion an answer to this document and is in violation of Rule 12(b)(6) ... because a careful reading of the document does not identify any records being sought by Petitioner and this matter should be dismissed for failure to state a claim upon which relief can be granted.
The chancellor also noted that Alcorn County has not formally adopted a policy for handling requests for public information.
¶ 5. In his conclusions of law, the chancellor noted that Mississippi requires a person make a request to a public agency to obtain public records. Additionally, a party must exhaust all administrative remedies before bringing such matters to a court’s attention. After the in-camera review of the redacted personnel files of Palmer and Mills, the chancellor found there were “no instances of reprimand nor any reference to any untoward action or activity found in the personnel file” of either individual, and that they both “left their county employment on good terms.” The chancellor deemed the motion for a subpoena duces tecum moot.
¶ 6. Scruggs timely appealed the chancellor’s dismissal. After appealing, Scruggs filed with the Mississippi Supreme Court motions for depositions, discovery, and interrogatories, which were denied.
STANDARD OF REVIEW
¶ 7. A limited standard of review is employed on appeals from the chancery court. Reddell v. Reddell, 696 So.2d 287, 288 (Miss.1997). The reviewing court will not disturb the factual findings of the chancellor “when supported by substantial evidence unless the court can say with reasonable certainty that the chancellor abused his discretion, was manifestly wrong, clearly erroneous or applied an erroneous legal standard.” Gannett River States Publ’g Corp. v. City of Jackson, 866 So.2d 462, 465 (¶11) (Miss.2004) (citing Morgan v. West, 812 So.2d 987, 990 (¶ 7) (Miss.2002)). Questions of law are reviewed de novo. The Court “will only reverse for an erroneous interpretation or application of the law.” Id.
ANALYSIS
¶ 8. On appeal, Scruggs insists that he was denied access to public records he had requested. In his reply brief, Scruggs claims he made a request, and at the time he filed his complaint, it was pending before the Alcorn County Sheriffs Department and the Board. Scruggs also maintains that his pleadings should not be held to the standard of a trained lawyer, as he appears pro se.
¶ 9. Mississippi Code Annotated section 25-61-5(l)(a) (Rev.2010) of the Mississippi Public Records Act requires that a person make a request to a public agency in order to obtain public records. “[I]f a public body has not adopted written procedures *328 [concerning requests for public records], the right to inspect, copy or mechanically reproduce or obtain a reproduction of a public record of the public body shall be provided within one (1) working day after a urritten request for a public record is made.” (Emphasis added.) As the chancellor noted, the request must be in writing and identify the records requested. Furthermore, administrative relief requires a request and a denial of that request prior to institution of a suit. Mississippi Code Annotated section 25-61-13(1) (Rev.2010) states: “Any person denied the right granted by Section 25-61-5 to inspect or copy public records may institute a suit in the chancery court....” (Emphasis added.) Mississippi law on exhaustion of administrative remedies before bringing a matter to a court’s attention is well established:
One of the new rules growing out of administrative law is that known as exhaustion of administrative remedies.... ‘The doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act. This doctrine is well established, is a cardinal principle of practically universal application, and must be borne in mind by the courts in construing a statute providing for review of administrative action.’
Everitt v. Lovitt, 192 So.2d 422, 427 (Miss.1966) (quoting Davis v. Barr, 250 Miss. 54, 61-62, 157 So.2d 505, 506-07 (Miss.1963)).
¶ 10. Disregarding any inadequacy of Scruggs’s pleadings as a pro se litigant, there is no evidence in the record whatsoever that Scruggs ever filed a request for public information with the Respondents until the filing of his complaint. Moreover, the affidavit of the Alcorn County Chancery Clerk, attached to the Respondents’ motions to dismiss, states Scruggs never made an oral or written request to the Board for any public information. Mississippi law is clear that before seeking public records there must be a request made to the administrative agency identifying the public documents requested. Then, such a request must be denied by the administrative agency before institution of suit. We find no evidence in the record that there was a request pending in Alcorn County at the time of the suit’s filing, as Scruggs claims in his brief. Even in his complaint, Scruggs does not identify what records he had requested, merely stating: “Facts of Jeff Palmer’s termination from the Joint Drug Task Force of Corinth, Alcorn County, Iuka, and Tishomingo County.”
¶ 11. Scruggs’s request to amend his pleadings, claiming he was entitled to the personnel records of Palmer and Mills, was denied. We note personnel records in possession of a public body are generally exempt from the provisions of the Mississippi Public Records Act under Mississippi Code Annotated Section 25-1-100(1) (Rev.2010). Items such as gross salary and leave time are not exempt. Harrison Co. Dev. Comm’n v. Kinney, 920 So.2d 497, 502 (¶11) (Miss.Ct.App.2006). “When a public record is held to be exempt, but also contains material which is not exempt, the public body has a duty to separate the exempt material and make the nonexempt material available for examination and/or copying.” Id. at 502-03 (citing Miss.Code Ann. § 25-61-9(2) (Rev. 2003)). However, Scruggs did not request information about compensation or leave time. Even so, in August 2010, the chancellor ordered the Respondents to produce sua sponte for in-camera inspection the redacted personnel files of the former county employees Palmer and Mills. After inspecting the files, the chancellor *329 found no “reprimands” or “untoward action” by the two individuals, which was apparently Scruggs’s concern. There is substantial evidence in the record to support the chancellor’s findings. Accordingly, we find no error in the chancellor’s dismissal of Scruggs’s complaint.
¶ 12. THE JUDGMENT OF THE AL-CORN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AL-CORN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P JJ., ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR.
MAXWELL, J., NOT PARTICIPATING.

. An Alcorn County jury convicted Scruggs of possession of cocaine with intent to sell and assault on a police officer. In August 1998, Scruggs received a thirty-year prison sentence as an habitual offender. See Scruggs v. Caldwell, 970 So.2d 1298, 1298-99 (¶ 2) (Miss.Ct.App.2007) (This Court affirmed the dismissal of a complaint, which alleged the Alcorn County Chancery Court had not provided him certain grand jury documents he had requested.).