CARLTON, J.,
dissenting:
¶ 9. I respectfully dissent from the majority’s decision to affirm the chancellor’s denial of Loftin’s motion to reconsider.
¶ 10. The chancellor abused his discretion by erroneously finding that Loftin waived his public records request by allowing his nonrenewal hearing to proceed. The record reflects that confusion arose in this case between a discovery response and a response to a public records request. Relevant to our review, the record reflects that the denial of Loftin’s public records request was not consolidated on appeal with the issues related to his nonrenewal of employment, and therefore, this dissent addresses only the chancellor’s denial of the motion to reconsider relative to the denial of Loftin’s public records request. The record is also ambiguous as to whether the school district actually in fact complied with Loftin’s request for specific public records. The chancellor provided that the parties engaged in “informal communication” without specifying if the requested public records were indeed disclosed during those “informal communications,” after acknowledging the school district’s receipt of Loftin’s public records request. See Victor W. Carmody, Kevin T. Stewart & Lance O. Mixon, Mississippi BUI Law and Practice § 15:5, at 494 (2012). The record reflects that Loftin filed a “Petition to Compel Production of Public Records and to Enjoin Nonrenewal Hearing” in response to the superintendent’s decision not to renew Loftin’s contract. In paragraph four of the petition, Loftin averred that he retained counsel who requested access to certain public records of the Jefferson Davis School District, including the following public records: (1) Loftin’s personnel file; (2) all correspondence, notes, *1102 and memoranda to and from the superintendent pertaining to Loftin, whether on paper or in electronic format; (3) any and all evaluations of Loftin; (4) any and all plans or letters of improvement from the superintendent to Loftin; and (5) all communications from the superintendent to the board of trustees or from any Board member to the superintendent or any other school administrator pertaining to Lof-tin.
¶ 11. Loftin’s petition also alleged that the school district responded that it had produced Loftin’s personnel file and that, within fourteen days of the nonrenewal hearing, the school district would be forwarding copies of all information that it intended to present at the hearing. As evidence of this communication from the school district, Loftin attached a letter from the school district as Exhibit B to the petition. The school district’s response failed to address the itemized list of documents that Loftin requested pursuant to Mississippi’s public records law. The school district’s response instead appears to address its disclosure of discovery information relative to the nonrenewal hearing. The school district’s response addressed the evidence and information that the school district intended to present at that nonrenewal hearing. The public records access request is not a request for discovery for an adversarial proceeding, but rather constitutes a distinct and separate request authorized by specific statutes applicable to public records. A public records request allows for the request of public documents not relevant to discovery, or for public documents different or broader than the scope of such discovery. See Miss. Att’y Gen. Op., 2004-0039, 2004 WL 555120, Ringer (Feb. 13, 2004); see also 1 Jeffrey Jackson and Mary Miller, Encyclopedia of Mississippi Law § 2:57, at 80 (2001). As acknowledged in Mississippi DUI Law & Practice, when preparing for trial or investigating a case, the open records act is another means of obtaining critical information. See Carmody, § 15:5, at 494; see also Miss.Code Ann. § 25-61-2; Harrison Cnty. Dev. Comm’n v. Kinney, 920 So.2d 497, 502-03 (¶¶ 10-11) (Miss.Ct.App.2006); Miss. Att’y Gen. Op., 98-0250, 1998 WL 304414, Chamberlin (May 1,1998).
¶ 12. The school district’s response indicates its disclosure of Loftin’s personnel record. However, the disclosure lacked any itemization of what documents were contained in that disclosed file and whether these documents satisfied the specified documents requested pursuant to Loftin’s public records request. We are therefore left without an answer as to whether the school district complied with Loftin’s request for the specified public records or whether Loftin’s request was denied in whole or part due to an exemption or nonexistence of the records.[1] The school district’s response to Loftin’s request argued that Loftin’s request for public records should have been denied because he was attempting to use the Public Records Act as a means of civil discovery. However, public records are considered to be public property and open for inspection unless an exemption or privilege applies, in accordance with Mississippi Code Annotated section 25-61-5 (Rev.2010).[2] Nei *1103 ther a pending adverse administrative proceeding nor a criminal proceeding bars a public records request under Mississippi’s statutory law. See Bd. of Trs. of State Insts. of Higher Learning v. Van Slyke, 510 So.2d 490, 492 (Miss.1987). Moreover, neither a respondent in an administrative hearing, nor a defendant in a criminal prosecution, is prohibited from submitting a public records request that seeks access to documents not subject to discovery in the administrative adversarial matter or prosecution. See Scruggs v. Bd. of Supervisors Alcorn Cnty. Comm’rs, 85 So.3d 325, 327-29 (¶¶ 9-11) (Miss.Ct.App.2012); Miss. Att’y Gen. Op., 2004-0039, 2004 WL 555120, Ringer (Feb. 13, 2004).
¶ 13. Relevant to resolution of the issue before us on appeal, the Mississippi public records law indeed requires a written response from the relevant agency, and section 25-61-5 specifies that even a denial of a public records request must be in writing. See Miss.Code Ann. § 25-61-2 (Rev. 2010) (duty on government agency to make public records available). The statute further explains that in a written denial, the public body shall provide a statement of the specific exemption relied upon by the public body for the denial. Section 25-61-5 also sets forth the time period within which a public entity must comply with a public records request. Loftin received no such response in this ease from the school district.
¶ 14. Based upon the foregoing, I dissent and would remand this case, since the school district failed to respond in writing, as required by statute, to Loftin’s public records request as to whether the specified documents requested were disclosed, or were denied pursuant to an applicable exemption. The chancellor’s order on this matter similarly fails to reflect whether the disclosure of the personnel file satisfied Loftin’s public records request. The chancellor’s order provides that “[the school district], after receiving the public records request, did not make a formal reply to the request; however, there was communication between the parties regarding the documents to be produced.” While acknowledging no formal reply by the school district existed, the chancellor provided no finding as to whether the school district produced the specific documents requested by Loftin’s public records request or whether he found that an exemption applied.
¶ 15. I further submit that the chancellor erred in finding that Loftin waived his right to request enforcement of his public records request since he allowed the non-renewal hearing to proceed. As previously acknowledged, a public records request is distinct from discovery, or a request for discovery information. No legal basis exists to find that the conclusion of the adversarial administrative hearing herein served as a waiver of Loftin’s public records request, or of the school district’s obligation to respond in writing, pursuant to section 25-61-5. As an appellate court, we are not fact-finders, and thus we are without means to determine whether the school district’s disclosure of Loftin’s personnel file satisfied his public records request. I therefore submit that remand is necessary to determine if the school district complied with Loftin’s public records request; only then can we determine whether or not the chancellor abused his discretion in denying Loftin’s motion to reconsider the denial of Loftin’s motion to *1104 compel production of public records.[3]
IRVING, P.J., JOINS THIS OPINION.

. On page four of the school district’s response entitled "Defendant’s Response to Petitioners’ Petition to Compel Production of Public Records and Enjoin Non-Renewal Hearing,” the school district acknowledged the existence of a difference between discoverable information and information subject to a public records request. In acknowledging that the school district provided Loftin with his personnel file, the school district provided that such a response was not required by the Public Records Act.

. See also Miss.Code Ann. § 25-61-1 (Rev. 2010).

. Section 25-61-5 provides the following:
(l)(a) Except as otherwise provided by Sections 25-61-9 and 25-61-11, all public records are hereby declared to be public property, and any person shall have the right to inspect, copy or mechanically reproduce or obtain a reproduction of any public record of a public body in accordance with reasonable written procedures adopted by the public body concerning the cost, time, place and method of access, and public notice of the procedures shall be given by the public body, or, if a public body has not adopted written procedures, the right to inspect, copy or mechanically reproduce or obtain a reproduction of a public record of the public body shall be provided within one (1) working day after a written request for a public record is made. No public body shall adopt procedures which will authorize the public body to produce or deny production of a public record later than seven (7) working days from the date of the receipt of the request for the production of the record, (b) If a public body is unable to produce a public record by the seventh working day after, the request is made, the public body must provide a written explanation to the person making the request stating that the record requested will be produced and specifying with particularity why the records cannot be produced within the seven-day period. Unless there is mutual agreement of the parties, in no event shall the date for the public body’s production of the requested records be any later than fourteen (14) working days from the receipt by the public body of the original request.
(2) If any public record contains material which is not exempted under this chapter, the public agency shall redact the exempted and make the nonexempted material available for examination. Such public agency shall be entitled to charge a reasonable fee for the redaction of any exempted material, not to exceed the agency’s actual cost.
(3) Denial by a public body of a request for access to or copies of public records under this chapter shall be in writing and shall contain a statement of the specific exemption relied upon by the public body for the denial. Each public body shall maintain a file of all denials of requests for public records. Public bodies shall be required to preserve such denials on file for not less than three (3) years from the date such denials are made. This file shall be made available for inspection or copying or both during regular office hours to any person upon written request.